LDA

CA 07 451S

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **VINCENT SANDONATO** | } |
| | } |
| **Plaintiff** | } |
| | } |
| **v.** | } |
| | } |
| **DAYS INN WORLDWIDE, INC.** | } |
| **and CENDANT HOTEL GROUP,** | } |
| **INC.** | } |
| | } |
| **Defendants** | } |

## COMPLAINT

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C.§ 1332 in that there is diversity of citizenship and the amount in controversy exceeds $75,000. Venue lies under 28 U.S.C. § 1391 in that a substantial parts of the events giving rise to plaintiff's claims occurred within this judicial district, and, the defendants do business in and are subject to the jurisdiction of Rhode Island.

### PARTIES

2. Plaintiff Vincent Sandonato ("Sandonato") is a resident of the State of Rhode Island and is the owner certain property located on East Main Road in Middletown, Rhode Island which he developed as a hotel and in 1991 opened under his personal management as the Royal Plaza Inn ("the hotel").

3. Defendant Days Inn Worldwide, Inc. ("Days Inn Worldwide") is a corporation organized under the laws of the State of Delaware and is a wholly owned subsidiary of defendant of defendant Cendant Hotel Group, Inc. ("Cendant"). Defendants are in the

business of offering and licensing Days Inn guest lodging facilities throughout the United States and elsewhere.

## ALLEGATIONS COMMON TO ALL COUNTS

4. In or about 2005 Sandonato engaged in negotiations with representatives of Cendant to convert the hotel to a Days Inn franchise.

5. During said negotiations, Cendant's representatives informed Sandonato that among the major benefits that Days Inn Worldwide would provide if he became a Days Inn franchisee would be access to a computerized central reservation service ("CRS") enabling consumers anywhere in the United States the opportunity to make reservations at his hotel via a telephone and internet-based system operated by Days Inn Worldwide which would electronically transmit relevant guest information to Sandonato's hotel.

6. During said negotiations, Cendant's representatives repeatedly assured Sandonato that converting his hotel to a Days Inn would significantly improve the hotel's profit.

7. During said negotiations, Cendant's representatives also assured Sandonato that if he was not satisfied with being a Days Inn franchisee he would be able to terminate his franchise agreement within three years without penalty.

8. Based on the representations made by Cendant's representatives, including but not limited to the representations referred to in paragraphs 5, 6 and 7 above, on or about January 5, 2006 Sandonato entered into a 15 year franchise agreement with Days Inn Worldwide (the "franchise agreement") and in accordance therewith expended considerable sums of money in making physical alterations to the hotel, purchasing replacement furniture, fixtures, and equipment, installing new signage, and purchasing inventory and supplies, all to satisfy Days Inn Worldwide's standards.

9. The hotel opened as a Days Inn on or about March 1, 2006.

10. Pursuant to said franchise agreement, Sandonato was required to pay a substantial initial franchise and in addition he has paid Days Inn Worldwide a host of recurring fees, including but not limited to the payment of fees for the use of and access to Days Inn Worldwide's CRS.

**COUNT 1 (VIOLATION OF THE RHODE ISLAND FRANCHISE INVESTMENT ACT)**

11. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 above as though fully set forth herein.

12. At the time he was negotiating with representatives of Cendant, Sandonato was unfamiliar with operating a franchise business and industry practices in franchising.

13. During the course of their negotiations with Sandonato, on information and belief the representations made by Cendant's representatives that if he was not satisfied with being a Days Inn franchisee he could terminate his agreement with Days Inn Worldwide without penalty were false and misleading.

14. On information and belief, said representations were made to Sandonato to induce him to become a Days Inn franchisee.

15. Sandonato relied to his detriment on said representations and was induced thereby to execute a 15 year franchise agreement, only to later find out that Days Inn Worldwide expects him to pay liquidated damages if he terminates without cause during the initial five years of the term of the agreement.

16. The actions of Cendant's representatives were violative of the Rhode Island Franchise Investment Act, GLRI § 19-28.1-1, et. seq.

17. At all times relevant hereto, Cendant's representatives were acting for Cendant as well as on behalf of and for the benefit of Days Inn Worldwide.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, as follows:

A. For rescission of the franchise agreement.

B. For compensatory damages.

C. For interest, reasonable attorneys fees, and costs.

**COUNT 2 (UNCONSCIONABILITY)**

18. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 above as though fully set forth herein.

19. The provision in the franchise agreement that requires Sandonato to pay liquidated damages if he terminates prior to the fifth anniversary of the agreement is a contract to pay a penalty and is unconscionable.

WHEREFORE, plaintiff demands judgment against Days Inn Worldwide as follows:

A. For a Judgment declaring said contractual provision void and unenforceable.

B. For the award of reasonable attorneys fees and costs.

C. For the award of such other and further relief as this Court deem just.

**COUNT 3 (REFORMATION)**

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 above as though fully set forth herein.

21. To the extent that the franchise agreement fails to provide that Sandonato may terminate the agreement without penalty after three years of operation as a Days Inn, it reflects a mutual mistake of fact and not what the parties intended when they negotiated the terms of the agreement.

WHEREFORE, plaintiff demands judgment against Days Inn Worldwide as follows:

A. For a Judgment reforming the franchise agreement in accordance with the intent of the parties.

B. For the award of attorneys fees and costs.

C. For such other relief as the Court deems is just.

## COUNT 4 (BREACH OF CONTRACT/NON-USE OF CRS)

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 above as though fully set forth herein.

23. On information and belief, without justification and in violation of the terms and conditions of the franchise agreement, Days Inn Worldwide failed to provide to the hotel the use and benefits of the CRS for the period May 1, 2007 through August 21, 2007, which is the peak period for the rental of rooms at the hotel.

24. As a direct and proximate result of Days Inn Worldwide's breach of the franchise agreement, Sandonato suffered a loss of revenues and nonetheless was required to pay Days Inn Worldwide the host of fees required under the franchise agreement including the fees for the CRS from which it derived no benefit.

WHEREFORE, plaintiff demands judgment against Days Inn Worldwide as follows:

A. For a Judgment declaring that Sandonato has the right to terminate the franchise agreement without penalty.

B. For the award of compensatory damages and for the reimbursement of all fees paid to Days Inn Worldwide including but not limited the fees paid for the CRS.

C. For the award of interest, costs, and reasonable attorneys fees.

**COUNT 5 (BREACH OF CONTRACT/REQUIRING UNNECESSARY EXPENDITURE OF FUNDS)**

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 above as though fully set forth herein.

26. The alterations, replacement furniture, fixtures, and equipment, new signage, and inventory and supplies required at the hotel to meet the standards of Days Inn Worldwide were memorialized in a punchlist prepared by Days Inn Worldwide and agreed to by the parties at or about the time the franchise agreement was executed.

27. Under threat of declaring Sandonato in breach of the franchise agreement, Days Inn Worldwide has caused Sandonato at his expense to make substantial changes at the hotel either not specified on the punchlist or which Days Inn Worldwide agreed to waive, and, has requested that Sandonato make additional substantial changes not specified in the punclist.

28. Days Inn Worldwide's actions, as aforesaid, are violative of the franchise agreement, which specifically prohibits Days Inn Worldwide from requiring any renovations not specified on the punchlist for the first three years of operation as a Days Inn, and, after that, permits Days Inn Worldwide to require the franchisee to make only minor renovations.

29. As a direct and proximate result of Days Inn Worldwide's breach of the franchise agreement, Sandonato has suffered monetary damages.

WHEREFORE, plaintiff demands judgment against Days Inn Worldwide as follows:

A. For a Judgment declaring that Sandonato has the right to terminate the franchise agreement without penalty.

B. For a Judgment for compensatory damages in an amount equal to the sums Days Inn Worldwide has forced Sandonato to expend to make renovations not specified on the punchlist or which Days Inn Worldwide previously waived, and, declaring that

Sandonato is not required to make the additional renovations requested by Days Inn Worldwide.

C. For the award of interest, reasonable attorneys fees and costs.

By His Attorney,

Joseph R. Palumbo, Jr.
Law Offices of Joseph R. Palumbo, Jr.
RI Bar No. 0405
294 Valley Road
Middletown, RI 02842
Tel: (401) 846-5200
Fax: (401) 848-0984
Email: joseph@palumbolaw.net

PLAINTIFF DEMANDS A TRIAL BY JURY.