UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VINCENT SANDONATO | : | |
| | : | |
| Plaintiff, | : | |
| V. | : | C.A. No. 07-451/S |
| | : | |
| DAYS INN WORLDWIDE, INC. and CENDANT HOTEL GROUP, INC. | : | |
| | : | |
| Defendants. | : | |

**ANSWER**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Cendant Hotel Group, Inc. n/k/a Wyndham Hotel Group, Inc. ("WHG") submits this Answer to Plaintiff's Complaint.

JURISDICTION AND VENUE

1. Cendant neither admits nor denies the allegations set forth in this paragraph because they are conclusions of law.

PARTIES

2. WHG neither admits nor denies the allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

3. WHG admits that Days Inns Worldwide, Inc. is a corporation organized under the laws of the State of Delaware, has a principal place of business in Parsippany, New Jersey, and is a wholly owned subsidiary of Wyndham Hotel Group, Inc. WHG denies the remaining allegations set forth in this paragraph.

ALLEGATIONS COMMON TO ALL COUNTS

4. WHG admits that Days Inns Worldwide, Inc.'s representatives engaged in discussions with Sandonato in 2005 concerning Sandonato entering into a License Agreement for

the operation of a Days Inn® guest lodging facility located on East Main Road, Middletown Rhode Island. WHG neither admits nor denies the remaining allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

5. WHG denies the allegations set forth in this paragraph, because the License Agreement is an integrated document which speaks for itself.

6. WHG denies the allegations set forth in this paragraph, because the License Agreement is an integrated document which speaks for itself.

7. WHG denies the allegations set forth in this paragraph, because the License Agreement is an integrated document which speaks for itself.

8. WHG admits that Plaintiff entered into a License Agreement with Defendant Days Inns Worldwide, Inc. on January 5, 2006, that the License Agreement contains a 15-year term, and that the License Agreement speaks for itself. WHG denies that its representatives made any representation except those contained in the License Agreement which speaks for itself. WHG neither admits nor denies the remaining allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

9. Admitted.

10. WHG admits that Plaintiff was required to pay certain fees to Defendant Days Inns Worldwide, Inc., including an initial franchise fee and fees for certain services, provided under the License Agreement which speaks for itself. WHG neither admits nor denies the remaining allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

COUNT 1 – VIOLATION OF THE RHODE ISLAND FRANCHISE INVESTMENT ACT

11. WHG repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 10 of the Complaint.

12. WHG neither admits nor denies the allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

13. Denied.

14. Denied.

15. WHG admits that the License Agreement contains a liquidated damages provision which speaks for itself. WHG denies the remaining allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

16. Denied.

17. WHG admits that the representatives of Defendant Cendant Hotel Group, Inc. who communicated with Plaintiff concerning the License Agreement were authorized representatives of both Defendants. WHG neither admits nor denies the remaining allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

COUNT 2 – UNCONSCIONABILITY

18. WHG repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 17 of the Complaint.

19. Denied.

COUNT 3 – REFORMATION

20. WHG repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 19 of the Complaint.

21. Denied.

COUNT 4 – BREACH OF CONTRACT / NON-USE OF CRS

22. WHG repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 21 of the Complaint.

23. WHG neither admits nor denies the allegations set forth in this paragraph because they are directly solely at Defendant Days Inns Worldwide, Inc., not WHG. To the extent that the allegations in this paragraph are directly to WHG, WHG denies any wrongdoing or liability to Plaintiff.

24. WHG neither admits nor denies the allegations set forth in this paragraph because they are directly solely at Defendant Days Inns Worldwide, Inc., not WHG. To the extent that the allegations in this paragraph are directly to WHG, WHG denies any wrongdoing or liability to Plaintiff.

COUNT 5 – BREACH OF CONTRACT / REQUIRING UNNECESSARY EXPENDITURE OF FUNDS

25. WHG repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 24 of the Complaint.

26. WHG neither admits nor denies the allegations set forth in this paragraph because they are directly solely at Defendant Days Inns Worldwide, Inc., not WHG. To the extent that the allegations in this paragraph are directly to WHG, WHG denies any wrongdoing or liability to Plaintiff.

27. WHG neither admits nor denies the allegations set forth in this paragraph because they are directly solely at Defendant Days Inns Worldwide, Inc., not WHG. To the extent that the allegations in this paragraph are directly to WHG, WHG denies any wrongdoing or liability to Plaintiff.

28. WHG neither admits nor denies the allegations set forth in this paragraph because they are directly solely at Defendant Days Inns Worldwide, Inc., not WHG. To the extent that the allegations in this paragraph are directly to WHG, WHG denies any wrongdoing or liability to Plaintiff.

29. WHG neither admits nor denies the allegations set forth in this paragraph because they are directly solely at Defendant Days Inns Worldwide, Inc., not WHG. To the extent that the allegations in this paragraph are directly to WHG, WHG denies any wrongdoing or liability to Plaintiff.

AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the Statute of Frauds.

2. Plaintiff's claims are barred because there is no contractual relationship between Plaintiff and WHG.

3. Plaintiff's claims are barred because the License Agreement is an integrated document that speaks for itself and specifically states that no representations were made to Plaintiff except as expressly stated in the License Agreement.

4. Plaintiff's claims are barred because Plaintiff has failed to mitigate their damages.

5. Plaintiff's claims are barred by R.I.G.L. § 19-28.1-21(a).

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. Plaintiff's claims are barred by the doctrine of estoppel.

8. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

9. Any damage suffered by Plaintiff was the result of acts and omissions of Plaintiff and not the result of acts or omissions of WHG.

10. Plaintiff has no statutory, contractual, or other right to recoup its costs and/or attorneys fees in bringing this action.

11. Plaintiff's claims are barred because Plaintiff's conduct has been inequitable.

12. Plaintiff's claims are barred by the doctrine of unclean hands.

13. Plaintiff's claims are barred because Plaintiff has not acted in good faith.

14. Plaintiff's claims are barred by the doctrine of laches.

15. Plaintiff's claims are barred by the doctrine of waiver.

16. Plaintiff's Complaint fails to state a claim for which relief may be granted.

WHEREFORE, WHG requests that Plaintiff's Complaint be dismissed, that this Court award WHG its costs as well as attorneys fees pursuant to R.I.G.L. § 9-1-45, and for any further relief that this Court deems fair and just.

Defendant,
Cendant Hotel Group, Inc.
n/k/a Wyndham Hotel Group, Inc.,
By its Attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
jbrenner@nixonpeabody.com

Dated: January 2, 2008

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participant, Joseph R. Palumbo, Jr., Esq., at joseph@palumbolaw.net, identified on the Notice of Electronic filing (NEF), on this 2nd day of January, 2008.

/s/ Jeffrey S. Brenner