UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VINCENT SANDONATO<br><br>Plaintiff,<br>V.<br><br>DAYS INN WORLDWIDE, INC. and<br>CENDANT HOTEL GROUP, INC.<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-451/S |

**ANSWER AND COUNTERCLAIM**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Days Inn Worldwide, Inc. ("DIW") submits this Answer to Plaintiff's Complaint and Counterclaim.

**ANSWER**

JURISDICTION AND VENUE

1. DIW neither admits nor denies the allegations set forth in this paragraph because they are conclusions of law.

PARTIES

2. DIW admits, upon information and belief, that Plaintiff is a resident of the State of Rhode Island and is the owner, either personally or through a corporation that he controls, of certain property located on East Main Road in Middletown, Rhode Island, which is currently a Days Inn® guest lodging facility. DIW neither admits nor denies the remaining allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

3. DIW admits that Days Inns Worldwide, Inc. is a corporation organized under the laws of the State of Delaware, has a principal place of business in Parsippany, New Jersey, and is a wholly owned subsidiary of Wyndham Hotel Group, Inc. DIW denies the remaining allegations set forth in this paragraph.

ALLEGATIONS COMMON TO ALL COUNTS

4. DIW admits that Days Inns Worldwide, Inc.'s representatives engaged in discussions with Sandonato in 2005 concerning Sandonato entering into a License Agreement for the operation of a Days Inn® guest lodging facility located on East Main Road, Middletown Rhode Island. DIW also admits that it operates a hotel franchise system whereby it licenses the use of the Days Inn® trade marks and services marks to independent hotel owners and operations. DIW denies the remaining allegations set forth in this paragraph.

5. DIW denies the allegations set forth in this paragraph, because the License Agreement is a integrated document which speaks for itself.

6. DIW denies the allegations set forth in this paragraph, because the License Agreement is a integrated document which speaks for itself.

7. DIW denies the allegations set forth in this paragraph, because the License Agreement is a integrated document which speaks for itself.

8. DIW admits that Plaintiff entered into a License Agreement with Defendant Days Inns Worldwide, Inc. on January 5, 2006, that the License Agreement contains a 15-year term, and that the License Agreement speaks for itself. DIW denies that its representatives made any representation except those contained in the License Agreement which speaks for itself. DIW neither admits nor denies the remaining allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

9. Admitted.

10. DIW admits that Plaintiff was required to pay certain fees to DIW, including an initial franchise fee and fees for certain services, provided under the License Agreement which speaks for itself. DIW also admits that Plaintiff currently owes DIW substantial recurring fees as explained in the Counterclaim filed contemporaneously with this Answer. DIW denies the remaining allegations in this paragraph.

COUNT 1 – VIOLATION OF THE RHODE ISLAND FRANCHISE INVESTMENT ACT

11. DIW repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 10 of the Complaint.

12. DIW neither admits nor denies the allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

13. Denied.

14. Denied.

15. DIW admits that the License Agreement contains a liquidated damages provision which speaks for itself. DIW denies the remaining allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

16. Denied.

17. DIW admits that the representatives of Defendant Cendant Hotel Group, Inc. who communicated with Plaintiff concerning the License Agreement were authorized representatives of both Defendants. DIW neither admits nor denies the remaining allegations set forth in this paragraph and leaves Plaintiff to his burden of proof.

COUNT 2 – UNCONSCIONABILITY

18. DIW repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 17 of the Complaint.

19. Denied.

COUNT 3 – REFORMATION

20. DIW repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 19 of the Complaint.

21. Denied.

COUNT 4 – BREACH OF CONTRACT / NON-USE OF CRS

22. DIW repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 21 of the Complaint.

23. DIW admits that Plaintiff was restricted from the central reservation service system in accordance with the License Agreement because Plaintiff was in default under the License Agreement. DIW neither admits nor denies the allegation concerning the peak period for the rental of rooms at the hotel and leave Plaintiff to his burden of proof. DIW denies the remaining allegations set forth in this paragraph.

24. Denied.

COUNT 5 – BREACH OF CONTRACT /
REQUIRING UNNECESSARY EXPENDITURE OF FUNDS

25. DIW repeats and makes a part hereof each and every response to the allegations contained in paragraphs 1 through 24 of the Complaint.

26. DIW admits that the License Agreement, including but not limited to any exhibits and documents incorporated therein by reference such as the punch list and System Standards, is an integrated document which speaks for itself.

27. Denied.

28. Denied.

29. Denied.

AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the Statute of Frauds.

2. Plaintiff's claims are barred because Plaintiff breached their contractual agreement with Defendants.

3. Plaintiff's claims are barred because the License Agreement is an integrated document that speaks for itself and specifically states that DIW did not make any representations to Plaintiff except as expressly stated in the License Agreement.

4. Plaintiff's claims are barred because Plaintiff has failed to mitigate their damages.

5. Plaintiff's claims are barred by the doctrine of offset.

6. Plaintiff's claims are barred by R.I.G.L. § 19-28.1-21(a).

7. Plaintiff's claims are barred by the applicable statute of limitations.

8. Plaintiff's claims are barred by the doctrine of estoppel.

9. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

10. Any damage suffered by Plaintiff was the result of acts and omissions of Plaintiff and not the result of acts or omissions of DIW.

11. Plaintiff has no statutory, contractual, or other right to recoup its costs and/or attorneys fees in bringing this action.

12. Plaintiff's claims are barred because Plaintiff's conduct has been inequitable.

13. Plaintiff's claims are barred by the doctrine of unclean hands.

14. Plaintiff's claims are barred because Plaintiff has not acted in good faith.

15. Plaintiff's claims are barred by the doctrine of laches.

16. Plaintiff's claims are barred by the doctrine of waiver.

17. Plaintiff's Complaint fails to state a claim for which relief may be granted.

WHEREFORE, DIW requests that Plaintiff's Complaint be dismissed, that this Court award DIW its costs as well as attorneys fees pursuant to R.I.G.L. § 9-1-45, and for any further relief that this Court deems fair and just.

Defendant,
Days Inn Worldwide, Inc.,
By its Attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
jbrenner@nixonpeabody.com

Dated: January 2, 2008

**COUNTERCLAIM**

PARTIES, JURISDICTION AND VENUE

1. Counterclaim-Plaintiff Days Inns Worldwide, Inc., ("DIW") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Parsippany, New Jersey.

2. Counterclaim-Defendant Vincent Sandonato ("Sandonato"), on information and belief, is a Rhode Island resident.

3. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), as this lawsuit pertains to parties of diverse citizenship and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1), as Sandonato is a resident of this judicial district.

ALLEGATIONS COMMON TO ALL COUNTS

The License Agreement

5. On or about January 5, 2006, DIW entered into the License Agreement with Sandonato (the "License Agreement") for the operation of a 134 room Days Inn® guest lodging facility located at 425 East Main Road, Middletown Rhode Island, site number 16507-1125684 (the "Facility").

6. A true copy of the License Agreement is attached hereto as Exhibit A.

7. Pursuant to section 5 of the License Agreement, Sandonato was obligated to operate a Days Inn® guest lodging facility for a 15-year term.

8. Pursuant to section 7 and Schedule C of the License Agreement, Sandonato was required to make certain periodic payments to DIW for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively "Recurring Fees").

9. Pursuant to section 3.8 of the License Agreement, Sandonato agreed to maintain at the Facility accurate financial information, including books, records, and accounts, relating to the gross room revenue of the Facility and, pursuant to sections 3.8 and 4.8 of the License Agreement, Sandonato agreed to allow DIW to examine, audit, and make copies of the entries in these books, records, and accounts.

10. Pursuant to section 7.3 of the License Agreement, Sandonato agreed that interest is payable "on any past due amount payable to [DIW] under this Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

11. Pursuant to section 17.4 of the License Agreement, Sandonato agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement."

Sandonato's Defaults

12. Sandonato has failed to timely pay Recurring Fees as required by the License Agreement.

13. By letter dated October 3, 2006, DIW advised Sandonato that $71,968.70 in recurring fees was due and owning under the License Agreement, and that Sandonato was in default under the License Agreement.

14. A copy of the letter from DIW to Sandonato dated October 3, 2006, is attached at Exhibit B.

15. As of December 31, 2007, the total amount due and owing to DIW from Sandonato for Recurring Fees is $91,835.93 inclusive of interest, plus attorneys' fees, and costs.

16. A copy of an accounting of the amount due and owing to DIW from Sandonato as of December 31, 2007, is attached at Exhibit C.

COUNT I – ACCOUNTING PURSUANT TO CONTRACT

17. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 16 of the Counterclaim.

18. Pursuant to sections 3.8 and 4.8 of the License Agreement, Sandonato agreed to allow DIW to examine, audit, and make copies of Sandonato's financial information, including books, records, and accounts, relating to the gross room revenue earned at the Facility.
The calculation of the monetary amounts sought by DIW in this action is based on the gross room revenue information supplied to DIW by Sandonato.

19. The accuracy of this information cannot be confirmed without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Sandonato.

WHEREFORE, DIW demands judgment ordering that Sandonato account to DIW for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility from the inception of the License Agreement through the date of judgment herein.

COUNT II – BREACH OF CONTRACT

20. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 19 of the Complaint.

21. Pursuant to section 7 and Schedule C of the License Agreement, Sandonato was obligated to remit Recurring Fees to DIW.

22. Despite its obligation to do so, Sandonato has failed to remit certain of the Recurring Fees due and owing under the License Agreement in the amount of $91,835.93, as of December 31, 2007.

23. Sandonato's failure to remit the agreed Recurring Fees constitutes a breach of the License Agreement and has damaged DIW.

WHEREFORE, DIW demands judgment against Sandonato for the Recurring Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

COUNT III – UNJUST ENRICHMENT

24. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 23 of the Complaint.

25. Despite this obligation to do so, Sandonato has failed to pay certain of the Recurring Fees due and owing under the License Agreement in the amount of $91,835.93, as of December 31, 2007.

26. Sandonato's failure to compensate DIW constitutes unjust enrichment and has damaged DIW.

WHEREFORE, DIW demands judgment against Sandonato for the Recurring Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

COUNT IV – BOOK ACCOUNT

27. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 26 of the Complaint.

28. As of December 31, 2007, there is due and owing from Sandonato to DIW the sum of $91,835.93 on book account.

29. Payment has been demanded and has not been made.

WHEREFORE, DIW demands judgment against Sandonato for the Recurring Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

Counterclaim-Plaintiff,
Days Inn Worldwide, Inc.,
By its Attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
jbrenner@nixonpeabody.com

Dated: January 2, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participant, Joseph R. Palumbo, Jr., Esq., at joseph@palumbolaw.net, identified on the Notice of Electronic filing (NEF), on this 2nd day of January, 2008.

/s/ Jeffrey S. Brenner