**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **VINCENT SANDONATO** | } | |
| | } | |
| **Plaintiff** | } | |
| | } | |
| **v.** | } | **C.A. No. 07-451S** |
| | } | |
| **DAYS INN WORLDWIDE, INC.** | } | |
| **and CENDANT HOTEL GROUP,** | } | |
| **INC.** | } | |
| | } | |
| **Defendants** | } | |

**<u>PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM</u>**

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Denied. Answering further Sandonato was induced to enter into the License Agreement by misrepresentation and there are other provisions in the License Agreement under which Sandonato is not required to operate a Days Inn franchise for 15 years.

8. Admitted. Answering further, Sandonato avers that his obligation to pay the so-called "Recurring Fees" was in consideration for DIW's obligation to provide certain services, which were not provided by DIW.

9. The License Agreement speaks for itself and therefore no response is required to the allegations of paragraph 9 of DIW's counterclaim.

10. The License Agreement speaks for itself and therefore no response is required to the allegations of paragraph 10 of DIW's counterclaim.

11. The License Agreement speaks for itself and therefore no response is required to the allegations of paragraph 11 of DIW's counterclaim.

12. Denied.

13. Sandonato admits receiving said letter dated October 3, 2006.

14. Admitted.

15. Denied.

16. Sandonato is without information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the counterclaim.

<u>As to COUNT I</u>

17. Sandonato incorporates by reference his responses to the allegations contained in paragraphs 1-16 above as though fully set forth herein.

18. Sandonato admits the allegations contained in the first sentence of paragraph 18 but is without information sufficient to form a belief as to the truth of the allegations contained in the second sentence in paragraph 18.

19. Denied.

As to COUNT II

20. Sandonato incorporates by reference his responses to the allegations contained in paragraphs 1-19 above as though fully set forth herein.

21. The License Agreement speaks for itself and no response is required to the allegations contained in paragraph 21. Answering further, any obligation that Sandonato had to pay so-called Recurring Fees was in consideration of DIW's obligation to provide certain services, which DIW failed to provide.

22. Denied.

23. Denied.

As to COUNT III

24. Sandonato incorporates by reference his responses to the allegations contained in paragraphs 1-23 above as though fully set forth herein.

25. Denied.

26. Denied.

As to COUNT IV

27. Sandonato incorporates by reference his responses to the allegations contained in paragraphs 1-27 above as though fully set forth herein.

28. Denied.

29. Denied.

FIRST AFFIRMATIVE DEFENSE

Sandonato pleads the defense of failure of consideration.

WHEREFORE, Sandonato demands judgment for his costs.

By His Attorney,

/s/ Joseph R. Palumbo, Jr.
Joseph R. Palumbo, Jr.
Law Offices of Joseph R. Palumbo, Jr.
RI Bar No. 0405
294 Valley Road
Middletown, RI 02842
Tel: (401) 846-5200
Fax: (401) 848-0984
Email: joseph@palumbolaw.net

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2008 I filed the above Reply to Counterclaim through the ECF system which will be sent electronically to Jeffrey S. Brenner, Esquire at jbrenner@nixonpeabody.com.

/s/ Joseph R. Palumbo, Jr.