UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VINCENT SANDONATO<br><br>Plaintiff,<br>V.<br><br>DAYS INN WORLDWIDE, INC. and<br>CENDANT HOTEL GROUP, INC.<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-451/S |

**COUNTERCLAIM-PLAINTIFF DAYS INN WORLDWIDE, INC.'S STATEMENT OF CLAIM**

Pursuant to this Court's Notice dated January 4, 2008 (Docket Document 10), Defendant and Counterclaim-Plaintiff Days Inn Worldwide, Inc. ("DIW") submits this Statement of Claim regarding DIW's Counterclaim against Vincent Sandonato ("Sandonato").

## I. Facts Alleged in the Counterclaim

On or about January 5, 2006, DIW entered into the License Agreement with Sandonato (the "License Agreement") for the operation of a 134 room Days Inn® guest lodging facility located at 425 East Main Road, Middletown Rhode Island, site number 16507-1125684 (the "Facility"). The following sections of the License Agreement are applicable to the Counterclaim:

Section 5 — Sandonato was obligated to operate a Days Inn® guest lodging facility for a 15-year term.

Section 7 — Sandonato was required to make certain periodic payments to DIW for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively "Recurring Fees").

Section 3.8 — Sandonato agreed to maintain at the Facility accurate financial information, including books, records, and accounts, relating to the gross room revenue of the Facility and, pursuant to sections 3.8 and 4.8 of the License Agreement, Sandonato agreed to allow DIW to examine, audit, and make copies of the entries in these books, records, and accounts.

Section 7.3 Sandonato agreed that interest is payable "on any past due amount payable to [DIW] under this Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

Section 17.4 Sandonato agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement."

Sandonato has failed to timely pay Recurring Fees as required by the License Agreement. By letter dated October 3, 2006, DIW advised Sandonato that $71,968.70 in recurring fees was due and owning under the License Agreement, and that Sandonato was in default under the License Agreement. As of December 31, 2007, the total amount due and owing to DIW from Sandonato for Recurring Fees is $91,835.93 inclusive of interest, plus attorneys' fees, and costs.

## II. Causes of Action and Elements of Proof

### A. Accounting Pursuant to the Contract Between the Parties

Pursuant to sections 3.8 and 4.8 of the License Agreement, Sandonato agreed to allow DIW to examine, audit, and make copies of Sandonato's financial information, including books, records, and accounts, relating to the gross room revenue earned at the Facility. This contractual obligation is clear and unambiguous, so this Court should enforce the plain, ordinary, and usual meaning of these contractual clauses. Hord Corp. v. Polymer Research Corp. of Am., 275 F. Supp. 2d 229 (D.R.I. 2003).

### B. Breach of Contract

In order to prevail on its breach of contract claim, DIW must demonstrate that an agreement existed between the parties, that DIW was ready, willing and able to perform its duties, that Sandonato materially breached the terms of the agreement, and that DIW suffered damages as a result of the breach. Kottis v. Cerilli, 526 A.2d 506, 508 (R.I. 1987). See also Flanders & Medeiros, Inc. v. Bogosian, 868 F. Supp. 412, 412 (D.R.I. 1994).

C. Unjust Enrichment

Unjust enrichment is an equitable claim which provides that a party should not be entitled to keep a benefit which it does not deserve as a result of its actions. In order to recover, DIW must prove three elements: (1) a benefit must be conferred upon Sandonato by DIW, (2) there must be appreciation by Sandonato of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for Sandonato to retain the benefit without paying the value thereof. Anthony Corrado, Inc. v. Menard & Co. Building Contractors, 589 A.2d 1201, 1202 (R.I. 1991). See also Hasbro, Inc. v. Mikohn Gaming Corp., 491 F. Supp. 2d 256 (D.R.I. 2007).

D. Book Account

An action for book account or account stated arises when a detailed statement of credits and debits giving a history of an enterprise's business transactions shows that there is an amount remaining that is due and owing. Mello v. Coy Real Estate Co., 103 R.I. 74, 81, 234 A.2d 667, 672 (1967). It imposes an obligation, separate and apart from the original contractual obligation, to pay the amount in question. Oaklawn Nurseries v. Ratush, 88 R.I. 325, 329, 148 A.2d 128, 130 (1959).

Counterclaim-Plaintiff,
Days Inn Worldwide, Inc.,
By its Attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
jbrenner@nixonpeabody.com

Dated: January 28, 2008

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participant, Joseph R. Palumbo, Jr., Esq., at joseph@palumbolaw.net, identified on the Notice of Electronic filing (NEF), on this 28th day of January, 2008.

/s/ Jeffrey S. Brenner