```
              UNITED STATES DISTRICT COURT
                DISTRICT OF RHODE ISLAND
```

_____
                                              )
VINCENT SANDONATO,                            )
                                              )
       Plaintiff,                             )
                                              )
    v.                                        )   C.A. No. 07-451 S
                                              )
DAYS INN WORLDWIDE, INC.,                     )
                                              )
       Defendant.                             )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant Days Inn Worldwide, Inc.'s ("Days Inn") limited objection to Magistrate Judge Lincoln D. Almond's Report and Recommendation ("R & R") dated July 21, 2010 (ECF No. 70), recommending that Days Inn's motion for summary judgment (ECF No. 53) be granted in part and denied in part. Days Inn has also moved to strike the expert report of Kenneth Esch, Plaintiff Vincent Sandonato's expert. For the reasons set forth below, the Court accepts the R & R, thereby granting in part and denying in part Defendant's motion for summary judgment, and grants Defendant's motion to strike.

I.  Facts and Procedural History

This action arises from a dispute between Days Inn and its former franchisee, Vincent Sandonato. In 2006, Days Inn

and Sandonato entered into a franchise agreement (the "agreement") pursuant to which Sandonato was to convert a hotel he owned into a Days Inn hotel. The hotel was apparently operated by SAVI International Corporation ("SAVI"), Sandonato's operating company, of which he was the sole owner. From the beginning, Sandonato was reluctant to implement some of the changes required by the agreement, including, but not limited to, replacing fractured sinks and changing the wallpaper. Three inspections conducted by Days Inn personnel in November 2006, June 2007, and October 2007 found the hotel to be in non-compliance with the agreement. In addition, Sandonato failed to make the franchise payments required under the agreement. Due to these problems, Days Inn increased Sandonato's franchise fees, shut down the hotel's Central Reservation System ("CRS") for various intervals, and threatened termination of the franchise agreement in the event of continued non-compliance. In the end, Sandonato terminated the agreement in April 2008.

Sandonato sued Days Inn asserting a variety of claims related to their failed relationship. Days Inn counterclaimed. Days Inn has filed a motion for summary judgment on Sandonato's claims and Days Inn's counterclaims. Magistrate Judge Lincoln Almond issued an R & R, to which Days Inn has filed a limited objection, contending that

summary judgment should have been granted in its favor as to all claims and counterclaims.

II. Discussion

   A.   Standing to Assert Count 4

Days Inn first objects to the R & R's recommendation that summary judgment should not enter on Days Inn's behalf on Count 4. Days Inn argues that it was SAVI, not Sandonato, that operated the hotel (though Sandonato entered into the agreement with Days Inn) and that Sandonato did not personally incur any damages related to the instant claim. Because Sandonato did not suffer any damages as a result of Days Inn's actions alleged in Count 4, Days Inn argues that he does not have standing to assert this breach of contract claim.

The Court accepts the R & R with respect to Count 4; however, it does appear that Sandonato may have only incurred nominal damages from Days Inn's alleged breach. See Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 45-46, 477 A.2d 1224, 1228 (1984) ("The general rule is that whenever there is a breach of contract, . . . or an invasion of a legal right, the law ordinarily infers that damage ensued, and, in the absence of actual damages, the law vindicates the right by awarding nominal damages." (internal citations omitted)); see also City of Trenton v. Cannon Cochran Mgmt.

Servs., Inc., Docket No. L-1169-08, 2011 WL 3241579, at *4 (N.J. Super. Ct. App. Div. Aug. 1, 2011) (quoting Nappe, 97 N.J. at 45-46, 477 A.2d at 1228; citing Karcher v. Phila. Fire & Marine Ins. Co., 19 N.J. 214, 217 (1955)).  To make a claim for compensatory damages, Plaintiff will need to add SAVI as a party to this suit.  Sandonato, therefore, may have thirty (30) days to move to amend the Complaint to add SAVI.[1]

    B.   Sandonato's Expert and the CRS Shutdown

        1.   Defendant's Motion to Strike the Report of Mr. Esch

Days Inn filed a motion to strike, which was heard by Magistrate Judge Almond with its motion for summary judgment.  Judge Almond denied the motion as moot from the bench, in light of Plaintiff's counsel's statements that he would produce the expert for deposition without advance payment.  In Days Inn's limited objection to the R & R, it renewed its motion to strike, noting that, despite Plaintiff's representations at the hearing before Judge Almond, Plaintiff had not made Mr. Esch available for a deposition.  (See Def.'s Limited Obj. to the M.J.'s R & R 10, ECF No. 73.)  During the September 30, 2010 hearing on the instant objection, the Court stated that, if Plaintiff did not make

---

[1] Days Inn may, of course, object to any motion to amend, as discussed at oral argument on the instant matters.

4

Mr. Esch available for deposition, Defendant may proceed with his motion to strike.

After the hearing on these motions, the parties undertook settlement negotiations, which occurred off and on for close to a year. Thereafter, Days Inn contacted Magistrate Judge Almond with a status update. (See generally Letter from Jeffrey S. Brenner to the Hon. Lincoln D. Almond (May 23, 2011).) In that letter, Defendant proposed, on behalf of both parties, that they conduct Mr. Esch's deposition on or before July 1, 2011, in Rhode Island as previously ordered, and that the parties would then have until August 5, 2011 to file supplemental memoranda addressing the issues currently before the Court. (See id. at 1-2.) In accordance with this suggestion, in a scheduling order dated May 23, 2011, the Court ordered that the parties depose Mr. Esch by July 1, 2011. (See Scheduling Order, May 23, 2011, ECF No. 75.) Plaintiff failed to comply with this order and to present Mr. Esch for his deposition. Plaintiff has been provided with more than enough time to make Mr. Esch available, and Plaintiff has received ample notice that his failure to make Mr. Esch available for a deposition would result in the expert report being stricken. Accordingly, Defendant's motion to strike Mr. Esch's report is hereby granted.

5

2. The CRS Shutdown

Days Inn also asserts in its limited objection that, if Mr. Esch's report is stricken, the Court should also grant summary judgment in its favor on each and every one of its counterclaims. Plaintiff counters that, even in the absence of Mr. Esch's report and testimony, he has demonstrated a material issue of fact as to who is to blame for the CRS shutdown. In opposition to Days Inn's motion for summary judgment, Sandonato attached the deposition transcript of the hotel's front desk clerk, Tiffanie Clauer-Janelle. Clauer-Janelle testified that she did not shut down the CRS and that the Days Inn technical support team would, at times, log in to the system under her username and password and "perform all of the actions that need[ed] to be completed as [if] it were me . . . ." (Clauer-Janelle Dep. 37:20-22, 38:11-39:4, June 12, 2009, ECF No. 64-11.) This is enough to create a material factual dispute, even in the absence of expert testimony on the issue, and accordingly, the R & R is accepted and Defendant's limited objection is denied in this respect.

III. Conclusion[2]

The Court hereby GRANTS Defendant's motion to strike, DENIES Defendant's limited objection to the R & R, ACCEPTS the R & R, and now makes the following orders:

- Defendant's Motion for Summary Judgment (ECF No. 53) on Plaintiff's Complaint (ECF No. 1) is GRANTED as to Counts 1 and 5, but DENIED as to Count 4.
- Counts 2 and 3 have been abandoned by Plaintiff and, therefore, Defendant's Motion is GRANTED as to those Counts.
- Defendant's Motion for Summary Judgment (ECF No. 53) on its Second Amended Counterclaim (ECF No. 42) is GRANTED as to Counterclaim I, but DENIED as to Counterclaims II, III, and IV.
- With respect to Counterclaims V, VI, and VII, the Defendant's Motion is GRANTED in part (the $14,500.00 rental fees), and DENIED in part (the $2,500.00 liquidated damages).

(See R & R 18-19.) Moreover, the Court GRANTS Sandonato leave to move, within thirty (30) days from the filing of

---

[2] In Sandonato's supplemental response to Days Inn's limited objection, he argues that Days Inn "may not recover liquidated damages as a matter of law" on its counterclaims. (Pl.'s Supplemental Resp. to Def.'s Limited Obj. to the M.J.'s R & R 3, ECF No. 77.) The R & R recommended that Defendant's motion be denied insofar as it seeks liquidated damages, because the issue is factually intertwined with the issues of what constitutes a material breach of the agreement, which party committed the breach, and when the breach occurred. While it is not clear whether Plaintiff intended this argument to serve as an objection to the R & R (though the R & R does not appear to be inconsistent with his position) or a half-hearted attempt to move for summary judgment on his own behalf, either way, he is clearly out of time. See Fed. R. Civ. P. 72(b); LR Cv 72 (requiring an objection be lodged within fourteen days of the filing of an R & R); see also United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986) (holding that failure to file a timely objection to an R & R may constitute waiver).

this Opinion and Order, to amend the Complaint.  This case will be set down for the May 2012 trial calendar.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: March 5, 2012